UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 14-31453 (AMN) |
|     VIRGINIA Y. ROBINSON, | : | Chapter 13 |
|        *Debtor* | : | |
| | : | |
|     CITY OF NEW HAVEN, | : | |
|        *Movant* | : | |
| v. | : | |
|     VIRGINIA Y. ROBINSON, | : | |
|        *Respondent* | : | |
| | : | |
|     ROBERTA NAPOLITANO, | : | |
|        *Chapter 13 Trustee* | : | Re: ECF No. 77 |

**MEMORANDUM OF DECISION AND ORDER GRANTING IN PART MOTION
FOR RELIEF FROM THE AUTOMATIC STAY AND DENYING RETROACTIVE RELIEF**

    The City of New Haven, Connecticut ("City") seeks relief from stay on a retroactive basis to cure its admitted violation of the automatic stay. ECF No. 77. The debtor here commenced a voluntary Chapter 13 bankruptcy petition on August 1, 2014. On October 2, 2015, the debtor's Second Amended Chapter 13 plan was confirmed. ECF No. 37. The Chapter 13 plan has since been modified, as recently as July 15, 2019, when the Court confirmed the debtor's Third Modified Chapter 13 Plan. ECF No. 72. On October 8, 2019, the City filed the instant motion (the "Motion") seeking relief from the automatic stay, *nunc pro tunc*, to validate a foreclosure action commenced post-petition on October 18, 2018 against the debtor for unpaid real estate taxes. ECF No. 77. No objections to the motion for relief from stay were filed. During a hearing held on November 6, 2019 regarding the motion, counsel for the City argued the City made an unintentional error in violating the automatic stay when it commenced – and proceeded to judgment in -- a foreclosure action against the debtor.

The court notes that "[b]ecause the stay operates as a fundamental protection for all parties affected by the filing of a petition in bankruptcy, retroactive relief is an extraordinary measure and the circumstances that justify it are likely to be far and few between. Accordingly, it is the offending creditor's burden to demonstrate that its void actions should be validated after the fact …[and] it must show extreme circumstances, with facts both unusual and unusually compelling." *In re Alipio*, 380 B.R. 645, 648–49 (Bankr. D. Conn. 2007)(*citing In re Bright*, 338 B.R. 530, 535 (1st Cir. BAP 2006). While the Second Circuit has not articulated a standard to apply when annulling the automatic stay, courts within this Circuit have considered several factors including: (1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken. *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D.Vt. 2001); *See also, In re Cunningham*, 506 B.R. 334 (Bankr. E.D.N.Y. 2014); *In re Pomerance*, 2011 WL 1403034, at *4 (Bankr.S.D.N.Y.2011).

Here, factors one, two, and four – creditor's notice, debtor's bad faith, and property's necessity for reorganization – weigh against annulling the stay. The City had knowledge of the bankruptcy and participated by filing a proof of claim. *See*, POC 1-1. The Court is unpersuaded by the City's argument that the debtor's failure to appear in the City's foreclosure action or to act regarding its violation of the stay somehow equates to

bad faith. This argument runs counter to one of the key purposes of the automatic stay – to protect the debtor from collection litigation during a bankruptcy. Following the City's theory, the debtor should have appeared, possibly incurring time and attorney's fees, and defended against the City's foreclosure in order to preserve her automatic stay protections. However, that is not how the Code intends the automatic stay to work. The burden falls on the City as the creditor to not violate the automatic stay. As to the fourth factor, the City does not dispute the property's necessity as the debtor's residence during this Chapter 13 case.

Factors three and five weigh in favor of annulling the stay – there is no equity in the property and there is cause – lack of payment of post-petition real estate taxes -- to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

As for factors six and seven – creditor's unnecessary expense and detrimental reliance – the Court is unpersuaded those factors justify granting retroactive relief. If the Court declines to grant retroactive relief, the City may have to re-file its foreclosure action, which may result in added expenses including service fees, filing fees, and attorney's fees. However, compared to the importance of the automatic stay, the Court is unconvinced that these expenses rise to the level requiring the Court grant extraordinary relief.

The City made an error that resulted in a violation of the automatic stay. However, an error alone, without more compelling reasons, does not warrant retroactive relief. Notwithstanding the failure to meet its burden for retroactive relief, the City has shown cause to grant relief from stay pursuant to 11 U.S.C. § 362(d)(1) due to the debtor's lack

of post-petition payments, and the debtor has not opposed the relief sought. Accordingly, it is hereby

**ORDERED**: That, the motion for relief from stay, ECF No. 77, is GRANTED IN PART and the automatic stay provided in 11 U.S.C. § 362(a) is modified pursuant to 11 U.S.C. § 362(d)(1) to permit the City of New Haven, and/or its successors and assignees, to exercise their rights, if any, with respect to real property commonly known as 32 Maple Street, New Haven, Connecticut, in accordance with applicable non-bankruptcy law; and it is further

**ORDERED**: That, the motion is denied to the extent it seeks retroactive, or *nunc pro tunc*, relief.

Dated this 26th day of November, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut